# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

DIANA E. KOSTAL,

        Plaintiff,

v.                                                                 Case No. 09-CV-31

LIFE INSURANCE COMPANY OF NORTH AMERICA,

        Defendant.

_____

## ORDER

This case concerns an action for alleged breach of contract brought by Diana Kostal ("Kostal"), a State Farm independent insurance agent, against Life Insurance Company of North America ("LINA"), arising from the termination of Kostal's claim for long-term disability ("LTD") benefits under a group LTD policy issued by LINA to State Farm Insurance. LINA has moved for partial summary judgment with respect to the amount of recoverable damages only, seeking to limit Kostal's claimed damages in this action to $1,000. For the reasons stated below, the insurer's motion for partial summary judgment will be granted.

## BACKGROUND[1]

In June of 2004, Kostal suffered injuries after she was thrown from a horse during a riding excursion in Canada. Kostal was covered by a LTD policy issued by LINA. Kostal applied for and received LTD benefits under the LINA policy at issue

---

[1]The relevant facts are largely undisputed and taken from the defendant's proposed findings of fact (Docket #28) unless otherwise noted.

for 23 months, commencing at the conclusion of the applicable 180-day benefit waiting period on December 24, 2004, and continuing through November 23, 2006. However, after paying benefits for 23 months, LINA reevaluated Kostal's condition and determined that she was no longer disabled as defined in the LINA policy. Accordingly, LINA terminated Kostal's benefits as of November 23, 2006. Kostal subsequently filed the present lawsuit alleging that she remains disabled and that LINA breached the LTD policy by terminating her benefits in November of 2006.

The LINA policy at issue contains two definitions of disability, a "regular occupation" definition and an "any occupation" definition. Under the "regular occupation" standard, an insured individual will be considered disabled if "because of injury or sickness . . . she is unable to perform all the essential duties of her occupation, or solely due to Injury or Sickness, she is unable to earn more than 80% of her Indexed Covered Earnings from working her regular occupation." (Lucas Aff., Ex. 1 [Insurance Policy] at 5) (Docket #29-1). For the first 24 months after the 180-day benefit waiting period, the insured is considered disabled and benefits are payable if the insured meets the "regular occupation" definition of disability. (*Id.*). Significantly, during the "regular occupation" period, the LTD benefit is limited to $1,000 per month while the insured's State Farm agency agreement remains in effect. (*Id.* at 6).

After disability benefits have been payable for 24 months, the insured will be considered disabled only if she meets the "any occupation" definition. Under this

standard, an insured is disabled if she is "unable to actively work in any substantially gainful occupation for which she is qualified or may reasonably become qualified by reason of her education, training or experience" or "if she is unable to earn more than 80% of her Indexed Covered Earnings" solely due to the injury or sickness. (*Id.* at 5). During the "any occupation" period, the LTD benefit is limited to $100 per month while the insured's State Farm agency agreement remains in effect. (*Id.* at 6). If the State Farm agency agreement ends, benefits then increase to $12,000 monthly if the disability began in 2004 and to $14,000 if it started later. (*Id.*).

In this case it is undisputed that Kostal's State Farm agency agreement remained in effect from the date of her accident to the present time. It is further undisputed that Kostal applied for and received LTD benefits in the amount of $1,000 per month for the 23 month period from December 24, 2004 (when the 180-day benefit waiting period expired) to November 23, 2006. However, after LINA had paid Kostal a total of $23,000 under the "regular occupation" standard, LINA determined that she was no longer disabled from performing her regular occupation and terminated her benefits.

**DISCUSSION**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal*

*v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

While LINA's motion for summary judgment claims to seek only a determination on the amount of recoverable damages, such a determination requires the court to answer another significant question. That is, if Kostal is found to have been disabled under the "regular occupation" standard, whether by this court's determination or by jury trial, is it then appropriate for this court to make a determination of Kostal's disability eligibility under the "any occupation" standard, when LINA has not been allowed the opportunity to evaluate Kostal's eligibility for disability under this standard. LINA argues that the principles of ERISA should govern here, and a case such as this must be remanded to the plan administrator for determination of disability under the "any occupation" standard, following a judicial determination that the plaintiff was disabled under the "regular occupation" standard. *See Pakovich v. Broadspire Services, Inc.*, 535 F.3d 601, 605-06 (7th Cir. 2008) (finding that when an ERISA plan administrator has not issued a decision on a claim for benefits that is before the court, the matter must be sent back to the plan administrator to address the issue in the first instance). On the other hand, Kostal argues that under this approach, LINA would avoid paying years worth of benefits.

However, such an argument is illogical. Admittedly, the ERISA approach of remanding to the plan administrator would delay Kostal's receipt of benefits if she is indeed entitled to them under the "any occupation" standard; however, she would not be precluded from receiving these benefits entirely.

While this case is not governed by ERISA because Kostal is not an employee of State Farm Insurance, but rather an independent agent, the court still finds *Pakovich* particularly instructive on whether a court should decide a disability claim not yet decided by the policy administrator. In *Pakovich*, under similar facts to the present case, the Seventh Circuit explained that the "any occupation" issue had "not ripen[ed] into an 'apple' ready to be bitten until the district court rendered a disability determination under the [regular] occupation" standard. *Id*. at 606. Similarly, in this case, it appears premature for the court to address disability eligibility under the second definition when LINA has not had the opportunity to determine whether Kostal was eligible under that standard.

On the other hand, part of the *Pakovich* court's reasoning for remanding to the plan administrator was because the lack of a determination by the administrator under the "any occupation" definition left the court with nothing to review under any standard of review. *Id*. (quoting *Seman v. FMC Corp. Retirement Plan for Hourly Employees*, 334 F.3d 728, 733 (8th Cir. 2003)). Judicial review of an ERISA administrator's benefits determination is de novo unless the plan grants the administrator discretionary authority to determine eligibility for benefits or to construe

the terms of the plan. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). When the administrator has such discretionary authority, the court applies a more deferential standard, seeking to determine only whether the administrator's decision was "arbitrary and capricious." *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008); *Jenkins v. Price Waterhouse Long Term Disability Plan*, 564 F.3d 856, 860-61 (7th Cir. 2009). Here, the court likens judicial review of the breach of contract claim to a court's de novo review of an administrator's benefits determination, where that administrator lacked discretionary authority to determine eligibility for benefits or to construe the terms of the plan. In this sense, the fact that LINA never made a determination under the "any occupation" standard, leaves the court with nothing to review.

Even when viewed in the context of a breach of contract claim, the alleged breach constitutes only a partial breach of the insurance contract, rather than a total breach, and the breach pertains only to LINA's denial of benefits for the 24th month of the "regular occupation" period. This is because LINA's only duty of performance under the contract was to pay money in installments not related to one another. The Restatement (Second) of Contracts § 243(3) provides that:

> where at the time of the breach the only remaining duties of performance are those of the party in breach and are for the payment of money in installments not related to one another, his breach by non-performance as to less than the whole, whether or not accompanied or followed by a repudiation, does not give rise to a claim for damages for total breach.

*Id*. The Restatement illustrates § 243(3) as follows:

-6-

> A, an insurer, issues a policy of disability insurance to B under which monthly payments are to be made to B and the payment of additional premiums waived if B is totally and permanently disabled. B suffers total and permanent disability. A makes monthly payments for a year and then unjustifiably fails to make further payments. After A has been in default for a year, B sues A. B has a claim against A merely for damages for partial breach for nonpayment during the second year. The result is the same even if A repudiates by telling B that he will not make the payments.

*Id.* at § 243, comment d, illustration 5. Accordingly, the court concludes that LINA's alleged breach of contract, by denying Kostal disability benefits under the "regular occupation" standard, did not result in a total breach of the contract, and, therefore, Kostal's current claim against LINA can only be for damages for partial breach for nonpayment during the 24th month of the "regular occupation" period. If the court determines that Kostal was disabled under the "regular occupation" standard, the court will order that Kostal re-submit her claim under the "any occupation" standard to LINA for a determination of eligibility. It is only if LINA then denies that claim, that Kostal is entitled to seek relief in this court.

The court recognizes the inefficiencies of requiring Kostal to return to the administrative claims process under the "any occupation" standard, only to have to return to court if LINA denies her benefits under this new standard. Further, Kostal is claiming disability solely under the 80% earnings component of each disability definition, and, therefore, the chances are greater that if she is found to satisfy the "regular occupation" standard, she will also be found to satisfy the "any occupation" standard. Nevertheless, the court's conclusion in this matter is guided by both

contract law and ERISA principles. Additionally, requiring Kostal to resubmit her claim to LINA will not foreclose her from pursuing a claim against LINA if it were to wrongfully deny her benefits under the "any occupation" standard. In fact, if the current breach of contract claim is decided in favor of Kostal, the parties should have some sense as to how Kostal's claim under the "any occupation" standard should fare in an eligibility determination. Accordingly, if Kostal is determined to be disabled under the "regular occupation" standard, the court will refrain from making a determination on the "any occupation" standard, and will instead, order LINA to evaluate Kostal under this other standard.

Having addressed this first issue, the court will now turn to the issue of damages. The plain language of the LINA policy makes clear that if Kostal proves she was disabled for the entire 24-month period under the "regular occupation" standard, she is only entitled to recover $1,000 for the unpaid 24th month of the "regular occupation" period because her State Farm agency agreement remained in effect during this 24th month. Kostal proffers several arguments in an attempt to avoid this clear contractual limitation on her potential damages, all of which are unavailing

First, Kostal argues that LINA's alleged breach – by denying her benefits under the "regular occupation" standard for the 24th month – relieves her from the $1,000 pre-termination of agency benefit cap and entitles her to a different benefit that would have been payable if her agency agreement had been terminated. Kostal

claims that the "benefit of the bargain" remedy entitles her to the higher benefit because she "planned to terminate the agency as her condition worsened, but LINA's abrupt cancellation of benefits made that plan financially impossible." (Pl.'s Br. in Opp'n Mot. Summ. J. at 5).

The benefit of the bargain remedy envisions putting the plaintiff in "as good a position as he would have been in had the contract been performed." *Thorp Sales Corp. v. Gyuro Grading Co., Inc.*, 111 Wis.2d 431, 438, 331 N.W.2d 342, 346 (Wis. 1983) (quoting Restatement (Second) of § 344). Thus, according to Kostal, because she would have terminated her agency agreement for the 24th month had LINA not terminated her benefits, she is entitled to the maximum payable benefits of $14,000 for the 24th month. While Kostal's argument is novel, she has failed to meet her burden in opposing summary judgment. Kostal has only offered her own self-serving affidavit stating that she "expected to have to relinquish my State Farm Insurance Agency . . . if [LINA] had agreed to pay the maximum benefits . . . as my health deteriorated significantly since . . ." the injury. (Kostal Aff. ¶ 2). Yet, Kostal provides no further evidence suggesting that she had actually taken steps to initiate the termination of her agency at the time LINA terminated the benefits. Although the Seventh Circuit has indicated that self-serving affidavits can be used in opposition to motions for summary judgment provided they are based on personal knowledge and set forth specific facts showing there is a genuine issue for trial, when an affidavit is without further factual support in the record, it will not defeat summary

judgment. *See Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004); *see also Albiero v. City of Kankakee,* 246 F.3d 927, 933 (7th Cir. 2001) ("Self-serving affidavits without factual support in the record will not defeat a motion for summary judgment."). Accordingly, the court finds Kostal's affidavit insufficient to defeat summary judgment in favor of the defendant.

Next, Kostal argues that the doctrine of excused performance applies in this case. Specifically, Kostal argues that she was relieved of the contractual obligation of terminating the agency agreement when LINA breached the insurance contract by denying her benefits. As a result, Kostal argues she is entitled to the maximum amount of benefits for the 24th month of the "regular occupation" period. On the other hand, LINA argues that the theory of excused performance is inapplicable as Kostal had no duty to terminate her agency agreement even if LINA had continued her claim for benefits. The court agrees with LINA.

Under Wisconsin law, the doctrine of excused performance provides that a material breach by one party may excuse subsequent performance by the other. *Metropolitan Sewerage Comm'n v. R.W. Constr.*, 72 Wis.2d 365, 387, 241 N.W.2d 371 (Wis. 1976). However, a party cannot be excused from performance when they had no duty of performance in the first place. Here, the plain language of the insurance contract indicates that Kostal was not under a duty to terminate her agency agreement if LINA continued paying her benefits. Rather, the contract provided that Kostal would receive "a maximum of $1000 until the State Farm

Agent's Agreement is terminated due to disability." (Lucas Aff., Ex. 1 at 6). As such, the termination of the State Farm agency agreement due to disability is a condition precedent to payment of benefits greater than $1,000, not an obligatory duty of performance. Therefore, Kostal cannot prevail on this theory.

Lastly, Kostal argues that she was compelled to maintain the State Farm Agency pursuant to her legal duty to mitigate damages. Under Wisconsin law, an injured party has a duty to use reasonable means under the circumstances to avoid or minimize the damages, and an injured party cannot recover any item of damage which could have been avoided. *Kuhlman, Inc. v. G. Heileman Brewing Co., Inc.*, 83 Wis.2d 749, 752, 266 N.W.2d 382 (Wis. 1978). While Kostal does not explain how the duty to mitigate furthers her claim for damages, her argument in this regard is without merit because the duty to mitigate is not applicable to Kostal's case. As previously discussed, Kostal has not offered sufficient evidence to defeat summary judgment on her claim that she would have terminated her agency agreement but for LINA's denial of disability benefits. Accordingly, the court found she was limited to damages of only $1,000 because her agency agreement had not been terminated. Consequently, there are no recoverable damages that Kostal could have avoided by continuing her agency agreement. Therefore, the duty to mitigate does not support Kostal's argument that she was compelled to continue her State Farm agency.

## CONCLUSION

In sum, the plain language of the LINA policy makes clear that if Kostal proves she was disabled for the entire 24-month period under the "regular occupation" standard, she is only entitled to recover $1,000 for the unpaid 24th month of the "regular occupation" period because her State Farm agency agreement remained in effect during this 24th month. If Kostal is determined to have been disabled under the "regular occupation" definition, this does not mean she may recover benefits beyond the 24-month "regular occupation" period into the "any occupation" period because her claim was never submitted to or evaluated by LINA under the "any occupation" standard. To recover under this standard, Kostal would be required to resubmit her claim to LINA under the "any occupation" standard for a determination as to whether she continues to be disabled under that standard.

Accordingly,

**IT IS ORDERED** that defendant's motion for partial summary judgment (Docket #26) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge