UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DIANA E. KOSTAL, <br><br> Plaintiff, <br><br> v. <br><br> LIFE INSURANCE COMPANY OF NORTH AMERICA, <br><br> Defendant. | Case No. 09-CV-31-JPS <br><br><br> ORDER |

On July 12, 2011, this court granted defendant Life Insurance Company of North America's ("LINA") motion for partial summary judgment regarding the amount of recoverable damages in this breach of contract action. (Docket #44). Over three months later, on October 28, 2011, and in the face of an impending December 19, 2011 trial date on the issue of liability, the plaintiff, Diana Kostal ("Ms. Kostal") moved this court to certify the issues determined by the court in its July 12, 2011 Order for interlocutory appeal to the Seventh Circuit Court of Appeals. (Docket #49).

The plaintiff posits that three issues determined by the court warrant immediate appeal. First, the plaintiff submits that the court erred in ruling that it could not address plaintiff's eligibility for benefits under the "any occupation" benefits provision without first permitting a LINA plan administrator to make a decision on the matter. Second, plaintiff argues that the court erred in ruling that assuming LINA was found to have breached the insurance contract by wrongfully denying Ms. Kostal benefits under the first benefits provision, LINA did not commit a complete breach of the insurance contract. Lastly, plaintiff argues that the court erred in ruling that

the agency termination condition precedent was applicable to her damages claim. The court, upon reviewing the plaintiff's position and the applicable law, has determined that it would not be appropriate to certify the subject issues for interlocutory appeal; thus, the court is obliged to deny plaintiff's motion.

1. The Law on Certification

To certify an issue for interlocutory appeal, the court must find that the order in question presents a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *In re Ford Motor Co.*, 344 F.3d 648, 653 (7th Cir. 2002). The Seventh Circuit has indicated that interlocutory appeals are generally disfavored because they are an exception to the final judgment rule, they interrupt the progress of a case and prolong its disposition, and an avalanche of interlocutory appeals would result if every procedural ruling was subject to appellate review. *See Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 669 (7th Cir. 1999). The decision whether to allow an immediate interlocutory appeal of a non-final order under § 1292(b) is within the discretion of the district court. 28 U.S.C. § 1292(b); *Swint v. Chambers County Com'n*, 514 U.S. 35, 47 (1995) (holding that Congress chose to confer on district courts first line discretion to allow interlocutory appeals).

1.1 Controlling Question of Law

The Seventh Circuit has stated that: "A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enterprise Corp.*

*v. Tushie-Montgomery Associates, Inc.,* 86 F.3d 656, 659 (7th Cir. 1996). This axiom, however, must not be read without context, for certainly any number of interlocutory orders may, in any given case, be "quite likely to affect the further course of the litigation." In *Sokaogon,* the court found the issue at question – sovereign immunity – was controlling, for if the appellants succeeded in getting that issue removed from the case, then the case would be decided on the basis of an award from a separate arbitration. 86 F.3d at 659. In the instant case, the trajectory of litigation is affected by the issues in question as the court's determinations impact the amount of damages Ms. Kostal will be able to receive if LINA is found liable for breach of contract. Indeed, a ruling which substantially limits the damages a plaintiff may recover has been held to be a controlling question of law. *Mister v. Illinois Central Gulf R.R. Co.*, 790 F.Supp. 1411, 1426 (S.D.Ill. 1992); *see also In re Brand Name Prescription Drugs,* 1998 WL 808992, at *5 (in orders disposing of a large percentage of the plaintiff's recoverable damages, "the proper measure of damages is always a controlling question of law"). Accordingly, the court finds its challenged ruling presented a controlling question of law.

       1.2     There is Substantial Ground for Difference of Opinion

Plaintiff also asserts there is substantial ground for difference of opinion on the matters at issue here. The court, having wrestled with the ambiguous law in this regard, is – like the plaintiff – quite certain there could easily be substantial ground for difference of opinion on the issues. While the court is confident that it reached the correct conclusions on the matters presented in the defendant's motion for partial summary judgment, it certainly appreciates that the Seventh Circuit may disagree entirely. Any

ruling would bring welcome clarity to certain issues that remain unclear. However, such a possible result does not necessitate this court staying the case until that issue can be decided.

### 1.3 Certifying the Issues Would Not Materially Advance the Litigation

It does not appear to this court that certifying the issues asserted by Ms. Kostal would materially advance the litigation. The case has been proceeding since January of 2009 and it is scheduled for a jury trial in a little over a month. Moreover, the issue to be tried – liability – is relatively straightforward. Thus, an interlocutory appeal at this time would only result in further delay, which is reason enough to deny the motion for certification. *See Baranski v. Serhant*, D.C.Ill. 1985, 602 F.Supp. 33, 36 (N.D.Ill.1985) ("Delay is a particularly strong ground for denying appeal if certification is sought from a ruling made shortly before trial." (citing 16 Wright & Miller, *Federal Practice & Procedure,* § 3930 and *State Teachers Retirement Board v. Fluor Corp.,* 84 F.R.D. 38 (D.C.N.Y. 1979)). What is more, the court issued the rulings now sought to be challenged on appeal over three months ago. Yet, the plaintiff waited until the eve of trial – and also the eve of a mediation conference between the parties – to file this motion for certification for an interlocutory appeal. While there is no time limit in the statute or in any applicable rules for seeking the district judge's permission to appeal under § 1292(b) – in contrast to the 10-day limit in seeking the Court of Appeals' permission if the district judge grants his – a district judge should not grant an inexcusably dilatory request. Indeed, the Seventh Circuit has made clear that a certification motion must be filed in the district court within a *reasonable time* after the order sought to be appealed. *Ahrenholz v. Board of Trustees of*

Case 2:09-cv-00031-JPS   Filed 11/07/11   Page 4 of 5   Document 51

*University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000); *Weir v. Propst,* 915 F.2d 283, 287 (7th Cir. 1990); *Ferraro v. Secretary of HHS,* 780 F.Supp. 978 (E.D.N.Y. 1992). Given the inevitable delay an appeal would cause and the inexcusable delay already endured by the late request for certification, the court finds it is well within its discretion – and in line with its obligation to properly manage its caseload – to deny plaintiff's request for certification for an interlocutory appeal.

2.  Conclusion

Section 1292 is used sparingly by courts, and used only in exceptional cases. *Vaughn v. Regents of the University of California*, 504 F.Supp. 1349, 1355 (D.C.Cal. 1981). The cause before the court is not such a case. The court does not find that plaintiff has sustained her burden in proving that appeal of the court's order would advance the determination of the litigation as required by 28 U.S.C. § 1292(b).

Accordingly,

IT IS ORDERED that plaintiff's Motion for Certification of Interlocutory Appeal (Docket #49) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 7th day of November, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge